UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID BUCHY,
                      Plaintiff,

v.

THE CITY OF WHITE PLAINS; DET.
JOHN DEL VECCHIO; and P.O. RALPH
MARCALLO, individually and in their official
capacities,
                      Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

14 CV 1806 (VB)

Briccetti, J.:

    Plaintiff David Buchy brings this action under 42 U.S.C. § 1983 against Detectives John Del Vecchio and Rafael Maracallo (i/s/h/a "P.O. Ralph Marcallo") of the White Plains Police Department, alleging defendants beat him when they arrested him in his home. Against each defendant, plaintiff brings excessive force claims for violation of his Fourth Amendment rights, as well as claims for failure to intervene to prevent the use of excessive force.[1]

    Before the Court is defendants' motion for partial summary judgment, solely on the failure to intervene claims. (Docs. ##45, 50). For the following reasons, the motion is GRANTED as to defendant Del Vecchio but DENIED as to defendant Maracallo.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    The parties have submitted briefs, statements of facts, and affirmations with supporting exhibits, which reflect the following factual background.

---

[1] Plaintiff stipulated to the dismissal, with prejudice, of his claims against the City of White Plains, as well as his claims against the detectives for violation of his First, Fifth, Eighth, and Fourteenth Amendment rights. (Doc. #48).

1

On the morning of September 5, 2012, both defendants came to plaintiff's apartment in Yonkers to arrest him. Plaintiff claims when he opened the door, Det. Del Vecchio immediately rushed into his apartment and grabbed his neck, shoulder, and wrist, while Det. Maracallo grabbed his arms and wrists. Plaintiff put on a shirt and shoes, and walked with defendants into the hallway. There, plaintiff alleges, Del Vecchio punched him several times in the head, and Maracallo began punching and kicking him as well. At some point, plaintiff fell to the floor, and both defendants punched and kicked plaintiff for approximately two minutes, while repeatedly shouting at him to stop resisting arrest. Plaintiff claims he was not resisting arrest and neither defendant was trying to handcuff him during this time.

Both defendants claim they were trying to handcuff plaintiff, but he resisted. During the ensuing physical struggle, defendants claim they and plaintiff all ended up on the ground. Neither defendant admits to punching or kicking plaintiff.

Plaintiff brought this case against defendants, alleging they both violated his Fourth Amendment rights by using excessive force to arrest him. Additionally, plaintiff brings a claim against each defendant for failure to intervene to prevent the use of excessive force.

Defendants move for partial summary judgment solely on the failure to intervene claims.

Defendants' argument is as follows: A law enforcement officer who uses excessive force cannot also be held liable for failure to intervene to prevent his own use of excessive force, because the failure to intervene claim merges with the excessive force claim; here, because plaintiff claims both officers used excessive force against him, neither officer can also be held liable for failure to intervene. Also, to the extent Del Vecchio's contact with plaintiff immediately after plaintiff opened the apartment door constituted excessive force, defendants argue Maracallo had no reasonable opportunity to prevent it because it happened too quickly.

2

Plaintiff concedes "defendant Del Vecchio's direct involvement in the incident precludes a claim against him for failure to intervene." (Plaintiff's Br. at 1 n.1). As to defendant Maracallo, however, plaintiff responds by saying a reasonable jury, after hearing the evidence, could conclude "defendant Del Vecchio beat plaintiff up while defendant Maracallo did nothing to stop him." (Id. at 3).

Defendants respond that no party or witness maintains Det. Maracallo did nothing while Det. Del Vecchio alone used excessive force. In fact, defendants argue, all three participants in the arrest claim Maracallo was physically involved. Accordingly, the possibility a jury may find Maracallo "stood by and watched" is mere speculation, and summary judgment is appropriate. (Defendants' Reply Br. at 3).

## DISCUSSION

I.   Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving

party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.   Failure to Intervene Claim Against Maracallo

Summary judgment on the failure to intervene claim against Det. Maracallo is not warranted.

To establish a claim for failure to intervene, a plaintiff must show (i) the officer's failure "permitted fellow officers to violate [plaintiff's] clearly established statutory or constitutional rights," and (ii) it was "objectively unreasonable for him to believe that his fellow officers' conduct did not violate those rights." Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997) (internal quotation marks and citations omitted). The use of force must also have been "of a sufficient duration" to afford the officer a "reasonable opportunity" to intervene. Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 513 (S.D.N.Y. 2008).

When a law enforcement officer "is a direct participant in the allegedly excessive use of force, the failure to intervene theory of liability is inapplicable." Cuellar v. Love, 2014 WL 1486458, at *8 (S.D.N.Y. Apr. 11, 2014). Therefore, Maracallo may not be held liable both for using excessive force and for failing to prevent the use of excessive force.

Plaintiff may, however, hold Det. Maracallo liable for one or the other. The Federal Rules of Civil Procedure recognize claims may be brought in the alternative, even if they are inconsistent. See Fed. R. Civ. P. 8(d)(2), (3). At least one other court in this District has allowed excessive force and failure to intervene claims to proceed in the alternative beyond the summary judgment stage. See Cumberbatch v. Port Auth. of N.Y. and N.J., 2006 WL 3543670, at *11 (S.D.N.Y. Dec. 5, 2006) ("The Court will thus construe these claims as pleading in the alternative . . . i.e., the Officers either used excessive force, or one or both of them failed to intervene while another officer used excessive force.").

The Court will allow the failure to intervene claim against Maracallo as an alternative to the excessive force claim. A reasonable jury could find Maracallo did not use excessive force against plaintiff, but failed to prevent defendant Del Vecchio from doing so.

Plaintiff's testimony, if credited, establishes the following facts: (i) Det. Del Vecchio punched and kicked plaintiff for approximately two minutes; (ii) Det. Maracallo was present the entire time and did not stop Del Vecchio; (iii) plaintiff was not resisting arrest. From these facts, a reasonable jury could conclude Maracallo should have perceived Del Vecchio's use of force was excessive and Maracallo had the opportunity to stop Del Vecchio, yet he allowed it to continue. All the elements of a failure to intervene claim would be met.

Defendants' argument, that summary judgment is appropriate because no single witness gives this exact version of events, is unpersuasive. A jury is free to believe all, some, or none of a plaintiff's testimony—indeed, a plaintiff's ability to bring claims in the alternative presupposes this. In this case, for example, a reasonable jury could listen to plaintiff's account of the incident and believe Del Vecchio punched and kicked him but not believe Maracallo joined in. Likewise, a reasonable jury could listen to the witnesses' descriptions of the arrest and find, although both defendants used some degree of force against plaintiff, only Del Vecchio's use of force was excessive.

Defendants also argue there is no evidence Det. Maracallo merely watched as Det. Del Vecchio used excessive force because plaintiff and defendants all agree Maracallo was physically involved in the arrest. This is similarly unpersuasive. Maracallo need not have been standing away from plaintiff and Del Vecchio to observe the latter using excessive force. A reasonable jury could find Maracallo was physically involved in the arrest, saw Del Vecchio use excessive force, and failed to stop him, but did not use it himself.

The Court finds there is a question of fact as to whether Det. Maracallo failed to intervene during the time plaintiff alleges he was punched and kicked for two minutes. This is sufficient for the Court to allow the failure to intervene claim to proceed. Therefore, the Court need not consider defendants' argument that Maracallo had no opportunity to intervene when Del Vecchio first entered the apartment and grabbed plaintiff.

III.    Failure to Intervene Claim Against Del Vecchio

The court grants summary judgment on the failure to intervene claim against Det. Del Vecchio because plaintiff consents. (Pl.'s Br. at 1 n.1).

## CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED as to the failure to intervene claim against defendant Del Vecchio, but DENIED as to the failure to intervene claim against defendant Maracallo.

The Clerk is instructed to terminate the motion. (Docs. ##45, 50).

The parties are directed to submit a joint pretrial order in accordance with the Court's individual practices by January 8, 2016.

Counsel are directed to attend a status conference on January 13, 2016, at 9:30 a.m., at which time the Court will schedule a trial date and set dates for pretrial submissions.

Dated:  December 7, 2015
        White Plains, NY

SO ORDERED:

/s/ Vincent L. Briccetti

Vincent L. Briccetti
United States District Judge